[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15812
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-60910-CV-CMA

HERBERT LEE HATHCOCK, JR.,

Plaintiff-Appellant,

versus

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
DAVIS, Nurse,
KEN JENNE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 12, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Herbert Lee Hathcock, Jr., a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint for failure to state a claim. The district court properly dismissed the complaint because Hathcock failed to state a constitutional violation; at most, his allegations amount to negligence, which is not actionable under the Eighth or Fourteenth Amendment.[1] Accordingly, we affirm.

## I. Background

Hathcock filed a pro se complaint under 42 U.S.C. § 1983 against Armor Correctional Health Services, Inc., Dr. Douglas Smith, Nurse Bernice Rayson, Nurse Practitioner Lynch, Sharon Johnson, and Deputy P. Ginkel, all at the JV Conte Facility ("JVC"), and Broward County Sheriff Ken Jenne and Nurse Davis at the Broward County Main Jail ("BCJ"), and various John Does, alleging deliberate indifference to his medical needs and failure to properly train staff, in violation of the United States Constitution. According to the complaint, (1) Davis refused to re-bandage Hathcock's hand after he suffered a large gash, instead telling him to wash it with soap; (2) Rayson refused to give him medication, which

---

[1] Hathcock argues on appeal that the district court erred by analyzing his claims under the Eighth Amendment because, as a pre-trial detainee, his claims are analyzed under the Fourteenth Amendment. Although the record is unclear as to whether Hathcock was a pre-trial detainee during the events, the distinction is immaterial. The Eighth Amendment standard, applicable to prisoners, and the Fourteenth Amendment standard, applicable to pre-trial detainees, are the same. Marsh v. Butler County, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc); Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997).

2

prompted a seizure, refused to provide him with the care he requested after his seizure, and continued to deny Hathcock seizure and asthma medication despite his prescriptions; (3) Ginkel denied Hathcock medical care after Hathcock experienced a seizure and fell backward down some stairs, ignored other inmates' pleas for Ginkel to help Hathcock after the fall, and refused to move Hathcock to the first floor despite his history of seizures; (4) Johnson stated that Davis had a "reckless disregard attitude;" and (5) Lynch changed Hathcock's dosage of seizure medicine and failed to examine him after his fall. Hathcock also alleged that Jenne provided inadequate training and breached his contract to provide medical care. According to Hathcock, his history of seizures and asthma was well-documented, and he had filed several grievances about the withholding of his medication. He also filed grievances complaining of the defendants' failure to provide eyeglasses. Hathcock was granted leave to proceed in forma pauperis.

The magistrate judge performed the required screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and recommended that the complaint be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim. Accepting the allegations in the complaint as true, the magistrate judge nevertheless determined that Hathcock had not alleged constitutional violations. Specifically, the magistrate judge found: (1) the allegations against Davis were

3

insufficient to state a claim because they amounted to a mere difference of opinion on proper medical care; (2) the allegations against Ginkel did not state a claim for deliberate indifference to medical needs because Ginkel was not a medical professional and there was no evidence of injury from the failure to move Hathcock to a first floor cell; (3) the allegations against Rayson amounted, at most, to negligence or medical malpractice, which is insufficient to state a constitutional claim; (4) there were no allegations against Johnson, and there could be no liability under a theory of respondeat superior; (5) there were no allegations against Armor, Smith, or the John Does; and (6) the allegations against Lynch did not involve constitutional issues. As for the allegations against Jenne for inadequate training, the magistrate judge found that the conclusory allegations were insufficient to sustain the complaint, Hathcock had not identified a specific policy leading to a constitutional violation, and Hathcock could not rely on the theory of vicarious liability. The magistrate judge noted that Hathcock did not make any specific claims against Jenne that established a causal connection between the alleged failure to train and any injury he sustained.

Hathcock objected to the recommendation, asserting that he should be allowed to conduct discovery and that the defendants were under contract to provide medical care. He further argued that he stated a claim for constitutional

4

violations because his need for medical treatment was obvious and the defendants would have known of the risks involved had they been adequately trained. The district court adopted the recommendation, over Hathcock's objections, and dismissed the complaint for failure to state a claim.

## II. Discussion

After a thorough review of the record, we conclude that the magistrate judge applied the proper legal standards, and we agree with the well-reasoned report and recommendation, which the district court affirmed. Therefore, we AFFIRM the district court ruling dismissing Hathcock's complaint for failure to state a claim.